MARKMAN, J.
(concurring). I agree with the majority that defendant has not met his burden of establishing that he has cooperated with law enforcement, and, thus, I agree with its affirmance of the trial court’s order denying defendant’s motion for certification of cooperation. I write separately to set forth two areas of concern.
First, I disagree with the majority that “a prisoner who never provided any information . . . cannot be considered to have cooperated with law enforcement.” Ante at 633-634. While this may be reasonable as a matter of policy, it is simply inconsistent with the *639 direction of the Legislature. MCL 791.234(10) states that a “prisoner is considered to have cooperated with law enforcement if the court determines on the record that the prisoner had no relevant or useful information to provide.” The majority appends to the Legislature’s definition the further requirement that a prisoner must have provided some information to law enforcement. It thus adds language to the statute that is not there. While I can conceive of few instances in which a silent prisoner will ever be able to satisfy his burdens under the statute, I nonetheless disagree with the majority’s substitution of its own definition of “cooperation” for that of the Legislature.
Second, I would not address, in dictum, as the majority does, whether “cooperation” under MCL 791.234(10) “include[s] conduct such as participating in a controlled drug buy or a sting operation,” and whether “cooperation” pertains to providing information about crimes unrelated to the crime for which the prisoner has been convicted. Ante at 635, 636.[1] Perhaps precisely because it is dictum, and because these matters have not been briefed by the parties, I find the majority’s discussion to be cursory and insufficiently respectful of the fact that there may be alternative, plausible understandings of MCL 791.234(10). Again, the majority sets forth a reasonable policy, but it fails to *640 adequately explain why such policy is compelled by the statute. I would avoid this dictum, and await a case in which these issues can be explored more thoroughly, and in a more relevant setting.

 I am puzzled by the majority’s assertion that its discussion of these matters does not constitute dictum. Ante at 636 n 3. The prosecutor has not argued that defendant did not “cooperate” by failing to participate in a controlled drug buy, and defendant has not argued to the contrary. And the prosecutor has not argued that defendant did not “cooperate” by failing to provide information about an unrelated crime, and defendant has not argued to the contrary. That defendant has asserted one form of conduct as “cooperation” — namely, his failure to resist the police, an absurd argument correctly rejected by the majority — does not properly allow the majority to decide whether every other conceivable form of “conduct” constitutes “cooperation.”